(34 Misc. Rep. 177.)

## SPECK v. FIELDING.

(Supreme Court, Appellate Term.   February 25, 1901.)

BILLS AND NOTES—ACTION ON NOTE—PARTNERSHIP ACCOUNTING—NECESSITY.
  Defendant agreed to sell sheet music published by plaintiff, and that the profits and losses should be shared equally, and executed his note to plaintiff to secure advances made by plaintiff for defendant's expenses, and agreed that, if the business proved profitable, the advances should be paid out of the defendant's share of the profits, and the note be void.   Plaintiff advanced $300, and incurred a loss in the prosecution of the business of $298, prior to bringing an action on the note, and the outstanding orders were not collectible.   Held, that plaintiff was entitled to sue on the note without an accounting of the partnership affairs, since there were no profits, and an accounting would be useless.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Samuel W. Speck against William J. Fielding.   From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

H. F. Andrews, for appellant.
H. L. Maxson, for respondent.

ANDREWS, P. J.   The action was brought to recover on a promissory note made by the defendant on May 23, 1899, and payable on September 1, 1899.   The making and delivery of the note was admitted, but the defendant claimed that he and the plaintiff were partners, and that the note was given in relation to the partnership business, and that no recovery could be had until there had been an accounting as to the partnership affairs.   About the time the note was made and delivered the parties entered into an agreement under which the defendant was to sell sheet music, published by the plaintiff, to theatrical companies, for advertising purposes, the profits or losses to be equally divided between them.   The defendant was short of money at the time, and requested the plaintiff to advance him $25 per week for 112 weeks, and, the plaintiff consenting to the arrangement, the note was given, according to the defendant, to secure the plaintiff against the defendant's neglecting the business and not securing orders.   The plaintiff testified that the defendant said he would give the plaintiff a paper which would secure him, and also would give him a note in case the thing was a failure.   Afterwards the plaintiff did advance to the defendant $25 a week, up to the amount of $300.   The defendant secured some orders from theatrical companies, and some money was collected. According to the plaintiff's testimony, his expenses in conducting the business amounted to $683, and the amount received on account of such orders was $345;   so that up to the time the action was brought the plaintiff had suffered a loss of $298, and the balance due on such orders was not collectible.   There was no occasion for an accounting between the parties, in order to give the plaintiff a right of action upon the note.   The terms upon which the note

was given are set forth in a letter from the defendant to the plaintiff, dated May 25, 1899, which was put in evidence. In this letter, among other things, is stated:

"It is further understood that if the amount of cash deposits secured on said orders during said period is satisfactory to you, or if the business done by me for our mutual account is satisfactory to you, the amount advanced to me shall be charged against my respective share of profit, and this note shall then become null and void, and the Bowdoin Square contract shall be returned to me."

This extract from that letter clearly shows the view that the defendant took of the conditions upon which the note was given; and, as the results secured from the business done by the defendant were obviously not satisfactory to the plaintiff, he had a right to bring an action upon the note without waiting to have an accounting between himself and the defendant to see whether there would be an ultimate profit or loss. Besides, it clearly appeared, upon the evidence, that there were no profits, and never would be any, and that an accounting would be useless.

The judgment should be affirmed, with costs. All concur.